# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| FINCH A. DUBOISE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CV 04-J-3482-NW |
| | ) |
| CITY OF LITTLEVILLE, | ) |
| ALABAMA; RICKY ROBINETTE; | ) |
| JOHN GILLETTE; and KENNETH | ) |
| COPELAND, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Finch A. Duboise ("Duboise"), sued defendants City of Littleville,[1] ("Town of Littleville"), Littleville Mayor Kenneth Copeland ("Mayor Copeland"), Littleville Police Chief John Gillette ("Police Chief Gillette"), and Littleville Police Officer Ricky Robinette ("Officer Robinette"). The plaintiff alleges claims under 42 U.S.C. § 1983 and state law tort claims of assault and battery/excessive force and negligent hiring and retention. All the individual defendants are sued in their individual capacity. The plaintiff's suit arose out of plaintiff's arrest by Officer Robinette on December 26, 2002. Pending before the court are Town of Littleville, Mayor Copeland, and Chief Gillette's motions to

---

[1] Defendants note that the plaintiff incorrectly designated the Town of Littleville as the City of Littleville in its complaint. Defendants' Brief in Support of Motions to Dismiss, at 1 (doc. 9).

dismiss the state law tort claim of negligent and wanton hiring and retention of Officer Robinette (docs. 9 and 10).  Additionally, Mayor Copeland and Chief Gillette have moved the Court to dismiss the claims alleged against them under 42 U.S.C. § 1983.  In evaluating these motions, the court has considered the defendants' brief in support of their motions to dismiss (doc. 11), plaintiff's response to the defendants' motions (doc. 19), and defendants' reply brief (doc. 20).

## I. Factual Background

On December 26, 2002, plaintiff was stopped for speeding by Officer Robinette in the Town of Littleville, Alabama. Complaint, ¶ 6-7. After the plaintiff refused to take a breathalizer test and refused to sign the speeding ticket, Officer Robinette threw his clipboard at the plaintiff and asked the plaintiff to cross his hands. Complaint ¶ 9-11.  Without any provocation, Officer Robinette grabbed plaintiff by the neck, used his leg to trip plaintiff, and pushed plaintiff to the ground. Complaint, ¶ 12.  After the plaintiff fell to the ground, Officer Robinette put his knee in plaintiff's back and proceeded to pull plaintiff's arms out from underneath plaintiff. Complaint, ¶ 13.  After cuffing the plaintiff, Officer Robinette sat on the plaintiff and "jerked [the plaintiff's] arms two or three times while sitting on the plaintiff's back." Complaint, ¶ 15.  Plaintiff suffered three broken ribs and a torn rotator cuff as a result of Officer Robinette's actions. Complaint, ¶ 17.

The complaint alleges a 42 U.S.C. § 1983 claim based on Officer Robininette's use of excessive force against the Town of Littleville, Police Chief Gillette, Mayor Copeland, and Officer Robinette (Count One). Specifically, plaintiff alleges that the defendants violated the plaintiff's right to be free from excessive force and violations of the plaintiff's rights under the 4th and 14th Amendments. Complaint, ¶ 18. Plaintiff alleges that the Town of Littleville "permitted, encouraged, and ratified a pattern of unjustified, unreasonable, and excessive use of force" by (1) failing to discipline or prosecute or in any manner deal with known incidents of excessive force; and (2) refusing to investigate complaints of excessive force and, instead, officially claiming such incidents were justified and proper. Complaint, ¶ 20. According to the complaint, "the customs and policies of the City of Littleville described above were created by the deliberate indifference of defendants Gillette and/or Copeland" to the constitutional rights of Duboise. Complaint, ¶ 22. The second count of the complaint alleges an Alabama state law claim of either negligent or intentional assault and battery/excessive force against Officer Robinette and the Town of Littleville. Complaint, ¶¶ 26-29. The third count of the complaint alleges a state law claim of negligent hiring and retention of Officer Robinette against the Town of Littleville, Police Chief Gillette, and Mayor Copeland. Complaint, ¶¶ 30-36.

## II. Standard of Review

"[A] complaint should not be dismissed for failure to state a claim unless it

appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Marsh v. Butler County, Alabama*, 268 F.3d 1014, 1022 (11th Cir.2001). In deciding a motion to dismiss, a court must construe the allegations of the complaint as true. *Gomez v. Toledo*, 446 U.S. 635, 636 n. 3 (1980).

### III. Analysis

**A. 1983 Claims**
**Defendants Mayor Copeland and Police Chief Gillette**

The plaintiff asserts claims under § 1983 against Mayor Copeland and Police Chief Gillette in their individual capacities. Defendants make two arguments as to why these claims should be dismissed. First, defendants argue that Mayor Copeland and Police Chief Gillette are entitled to qualified immunity. Defendant's Brief in Support of Motions to Dismiss, at 7-12. Second, defendants argue that plaintiff's complaint failed to meet the heightened pleading standard applicable to § 1983 claims. Defendants' Brief in Support of Motions to Dismiss, at 12-15. The court notes that in his response the plaintiff failed to address whether Mayor Copeland and Police Chief Gillette are immune from suit due to qualified immunity. Instead, the plaintiff focuses exclusively on the issue of the applicable pleading standard. Plaintiff's Response to the Motions to Dismiss of Defendants Littleville, Gillette and Copeland, at 2-8. The court finds it does not need to determine whether plaintiff has properly plead a valid § 1983 claim

against Mayor Copeland and Police Chief Gillette, because even if this court was to assume that plaintiff has properly plead such a claim, both defendants are entitled to qualified immunity.

An official is entitled to qualified immunity if he is performing discretionary functions and his actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1424 (11th Cir. 1997). An official may show that an act was within his discretionary authority merely by showing that the act 1) was undertaken pursuant to the performance of his duties and 2) was within the scope of his authority. *See Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994).

With respect to Police Chief Gillette, the court finds that his decisions concerning failures to discipline, prosecute, investigate complaints or establish policies to deal with excessive force fall within the scope of his discretionary authority as Chief of Police. Similarly, disciplinary determinations and policy decisions with regard to excessive force policies fall within the scope of the Mayor's authority. Therefore, the § 1983 claims against Police Chief Gillette and Mayor Copeland in their individual capacities are due to be dismissed because Police Chief Gillette and Mayor Copeland are entitled to qualified immunity.

**B. Negligent Retention and Hiring of Officer Robinette**
**1) Police Chief Gillette**

Defendant Police Chief Gillette argues that plaintiff's claims for negligence

and wanton hiring and retention fail to state a valid cause of action under Alabama law. Defendants' Brief in Support of Motion to Dismiss, at 3-6. However, the court need not decide the issue of whether negligent hiring and retention is a valid claim with regard to Police Chief Gillette because he is immune from the plaintiff's state law claims on the basis of statutory discretionary function immunity under § 6-5-338(a), *Alabama Code 1975*, due to his status as a municipal peace officer.

Section 6-5-338, *Ala. Code,* extends discretionary function immunity to municipal police officers "unless the officer's conduct is so egregious as to amount to willful or malicious conduct or conduct engaged in bad faith." *Couch v. City of Sheffield*, 708 So.2d 144, 153 (Ala. 1998). The plaintiff has only alleged that Police Chief Gillette's actions or omissions in hiring and retention of Officer Robinette were done in a negligent or wanton manner, not in a willful or malicious manner. Complaint, ¶ 33. As such, Police Chief Gillette has immunity under § 6-5-338(a), *Ala. Code*. Therefore, the defendants' motion to dismiss the negligent hiring and retention claim against Police Chief Gillette is due to be granted.

**2) Mayor Copeland**

Additionally, the court finds that Mayor Copeland is entitled to immunity from the negligent hiring and retention claim.[2] While statutory discretionary

---

[2] To survive, the plaintiff's claims must arise from Mayor Copeland's own actions and not those of other town officers, such as the Police Chief Gillette or Officer Robinette. "A municipality's chief executive is not vicariously liable for the misconduct of his or her subordinates." *Newton v. Town of Columbia*, 695 So.2d 1213,

immunity under §6-5-338(a), *Ala Code,* does not apply to mayors, Mayor Copeland is entitled to discretionary function immunity under Alabama common law. *Hardy v. Town of Hayneville*, 50 F.Supp.2d 1176, 1196 (M.D. Ala. 1999). The court in *Hardy* noted that the "Alabama Supreme Court adopted the tort liability rule for public officers set forth in the Restatement (Second) of Torts, which provides in part, 'A public officer acting within the general scope of his authority is not subject to tort liability for an administrative action or omission if (a) he is immune because engaged in the exercise of a discretionary function...' "[3] *Hardy,* 50 F.Supp.2d at 1196, *citing Phillips v. Thomas*, 555 So.2d 81, 84 (Ala. 1989). In determining whether Mayor Copeland is entitled to discretionary function immunity, the court must first determine whether Mayor Copeland was engaged in the performance of discretionary functions at the time the alleged torts

---

1218 (Ala. Civ. App. 1997).  The plaintiff alleges that:

> 1) prior to hiring defendant Robinette, defendants Gillette and Copeland, acting as agents for defendant the City of Littleville, either knew or should have discovered in the exercise of due diligence that defendant Robinette had a history of using excessive force and engaging in other misconduct;  2)...defendants Gillette and Copeland became aware that defendant Robinette had a history of using excessive force and engaging in other misconduct and had done so while employed with the City of Littleville; 3) [t]he action of defendants Gillette and Copeland in hiring and retaining defendant Robinette were either negligent or wanton; 4) [a]s a result of the conduct of defendants Gillette and Copeland or other agents of defendant the City of Littleville, defendant Robinette was hired and retained with the foreseeable result that citizens, including plaintiff would be injured. Complaint, ¶ 31-34.

Therefore, it would appear that plaintiff has pled that Mayor Copeland's liability is based on his own actions or omissions and not based on vicarious liability.

[3] Discretionary functions are characterized by planning and decision-making, while ministerial functions are characterized by operational tasks.  If a public employee is required to decide and act without fixed or readily ascertainable standards, that act is a discretionary function.   *See Ex Parte Alabama Dep't of Forensic Sciences*, 709 So.2d 455, 458 (Ala. 1997).

occurred. If so, then "the plaintiff must demonstrate that [the mayor] acted in bad faith, with malice or willfulness to deny him immunity." *Hardy,* 50 F.Supp.2d at 1196, *citing Ex Parte Alabama Dep't of Forensic Sciences*, 709 So.2d 455, 458 (Ala. 1997).

In this case, the acts forming the basis of the plaintiff's negligent hiring and retention claim against Mayor Copeland are Mayor Copeland's actions and/or omissions in the hiring and retention of Officer Robinette. The decision to hire or retain an employee involves the exercise of judgment and therefore is an exercise of discretionary function. Since the plaintiff has asserted in his Complaint (¶ 33) that Mayor Copeland's acts were "either negligent or wanton" and not malicious or willful, plaintiff's claim against Mayor Copeland based on negligent hiring is due to be dismissed.

**3) Town of Littleville**

Defendant Town of Littleville argues that the plaintiff's negligent retention and hiring claim fails to state a claim upon which relief may be granted. Defendants' Brief in Support of Motions to Dismiss, at 3. Specifically, defendant argues that Alabama law does not recognize a cause of action of "negligent hiring and retention." Defendants cite *Ott v. City of Mobile*, 169 F.Supp.2d 1301 (S.D. Ala. 2001), for the proposition that Alabama does not recognize a cause of action for negligent hiring. However, in *Hardy v. Town of Hayneville*, 50 F.Supp. 1176, 1192 (M.D. Ala. 2001), the court reached the opposite conclusion and held that §

8

11-47-190, *Ala. Code*, "does not immunize the city from liability for [plaintiff]'s claims of negligent hiring....so long as [plaintiff] demonstrates that the alleged torts resulted from 'neglect, carelessness, or unskillfulness." *Id*. *See also Couch v. City of Sheffield*, 708 So.2d 144, 154 (Ala. 1998)(noting that a city has immunity under § 11-47-190 with respect to state law claims based on allegations of wanton or intentional conduct, but not with respect to allegations of negligence in failing to train, supervise, and discipline an employee.[4])

On a motion for reconsideration, the court in *Hardy,* 50 F.2d 1176, 1200*,* citing *Montgomery v. City of Montgomery*, 732 So.2d 305, 311 (Ala. Civ.App.1999) noted that "the plain language of *Ala. Code 1975* § 6-5-338(b), clearly extends discretionary-function immunity to the City of Montgomery, [the individual police officers'] employer." Applying the law as set forth in *Montgomery*, the Town of Littleville is entitled to statutory discretionary function immunity to the extent that the plaintiff's negligent hiring and retention claim arises out of conduct by Police Chief Gillette "in the performance of any discretionary function within the line and scope of [his] law enforcement duties." *See Ala. Code* § 6-5-338(a). In examining Police Chief Gillette's actions which

---

[4] While municipalities are granted immunity under § 11-47-190 for intentional acts, municipalities are not protected from the negligent acts of their employees. Section 11-47-190 of the *Alabama Code* provides in pertinent part:

> No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty...

9

gave rise to the negligent hiring and retention claim above, the court finds that the Police Chief's actions fell within his discretionary functions. Therefore, the Town of Littleville's motion to dismiss the negligent and wanton hiring and retention claim is due to be granted to the extent that this claim is based on Police Chief Gillette's actions.

However, the Town of Littleville remains liable under § 11-47-190, *Ala. Code*, for negligent conduct attributable to Mayor Copeland while acting within the line and scope of his duty because statutory discretionary function immunity under § 6-5-338 extends only to a "police officer." Therefore, the Town of Littleville may still be liable for negligent hiring and retention, to the extent that plaintiff's claim is based on conduct by Mayor Copeland within the line of his duty.

### IV. Conclusion

For the forgoing reasons, the court hereby **DISMISSES WITH PREJUDICE** plaintiff's § 1983 claims against defendants Mayor Copeland and Police Chief Gillette.

Additionally, the court hereby **GRANTS** defendant Town of Littleville's motion to dismiss with regard to plaintiff's claim of negligent hiring and retention only to extent that the plaintiff's claim is based on Police Chief Gillette's actions and said claim is hereby **DISMISSED WITH PREJUDICE**. The Town of Littleville's motion is **DENIED** with regard to plaintiff's claim of negligent hiring

and retention to the extent that claim is based on Mayor Copeland's negligent hiring and retention of Officer Robinette.

Moreover, the court hereby **GRANTS** the defendants Mayor Copeland and Police Chief Gillette's motions to dismiss with regard to the plaintiff's claim of negligent hiring and retention, and said claims are hereby **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** the 17th day of February, 2005.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE